## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL W. FREEMAN,
    Plaintiff,

v.
                                   Case No. 8:26-cv-837-KKM-SPF

GARLAND J. ZACHARIAH-CLEEK,
LARRY L. EGER, and
12TH JUDICIAL CIRCUIT COURT,
    Defendants.
_____

## **ORDER**

Freeman, a pretrial detainee in the Manatee County Jail, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Freeman also moves for leave to proceed in forma pauperis. (Doc. 2.) The Court must screen Freeman's complaint and dismiss it if it is frivolous or malicious or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e).

Freeman sues Public Defender Larry Eger and Assistant Public Defender Garland J. Zachariah-Cleek. (Doc. 1, p. 2.) He alleges that Eger and Zachariah-Cleek violated his Sixth Amendment rights by providing ineffective assistance of counsel in his state court criminal proceedings. (*Id.*, p. 5–6.) He alleges that Zachariah-Cleek failed to meet with him to discuss his case, refused to depose the alleged victim, and failed to conduct a proper

1

investigation. (*Id.*) He alleges that Eger failed to supervise and train Zachariah-Cleek. (*Id.*) He seeks to recover $75,000.00 from each defendant. (*Id.*, p.7.)

Freeman's complaint is brought under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a § 1983 claim, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity security by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* A person's actions are under color of state law when they are "fairly attributable to the State," which requires that the person "may fairly be said to be a state actor." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

Eger and Zachariah-Cleek are not state actors. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 545 U.S. 312, 325 (11th Cir. 1981); *see also Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (stating that public defenders "are not liable because they are not state actors for purposes of § 1983"). Because Freeman's claims only concern the actions of Eger and Zachariah-Cleek in the course of their

2

representation of him, he has not stated a claim for relief under § 1983. *See Ganstine v. Williams*, 476 F. App'x 361, 364 (11th Cir. 2012) (affirming the dismissal of a § 1983 claim against a public defender and concluding that the prisoner "cannot properly allege that [the public defender's] purported ineffective assistance gave rise to § 1983 liability" because the public defender "was not acting under color of state law").

Freeman also names as a defendant the 12th Judicial Circuit Court. (Doc. 1, p.3.) He alleges that the court "conspired to force assistant Public Defenders to deny detainees their 6th Amendment rights to counsel." (*Id.*, p.5.) To proceed under § 1983, a defendant must be an entity or individual subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Federal Rule of Civil Procedure 17(b)(3), the "[c]apacity to sue or be sued is determined" "by the law of the state where the court is located." The 12th Judicial Circuit Court lacks the capacity to sue and be sued under Florida law. *See Ward v. Okaloosa Cnty. Court Sys.*, No. 3:20-cv-5776, 2021 WL 2366948, at *2 (N.D. Fla. Apr. 26, 2021) ("[A] court is not a 'person' subject to suit under § 1983."). Accordingly, Freeman cannot state a claim for relief under § 1983 against the 12th Judicial Circuit Court.

Freeman's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Amendment would be futile because Freeman cannot state a valid § 1983 claim against Eger and Zachariah-Cleek

3

based upon their roles as Public Defender and Assistant Public Defender representing him in his state court criminal case and because the 12th Judicial Circuit Court is not a person subject to suit under § 1983. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where amendment would be futile.").

Accordingly, the Court **ORDERS** that Freeman's complaint, (Doc. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. His motion for leave to proceed in forma pauperis, (Doc. 2), is **DENIED as moot**. The **CLERK** is directed to enter judgment, which shall read "This case is dismissed with prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 28, 2026.

Kathryn Kimball Mizelle
United States District Judge

4

5